1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *ET AL.*, | Case No. SACV 09-432-JVS (MLGx) |
|---|---|
| Plaintiffs, | [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| ROGER HERMAN, *ET AL.*, | Action Filed: April 8, 2009 |
| Defendants. | Trial Date: July 13, 2010 |
| THE HERMAN GROUP, LLC, *ET AL.*, | |
| Counterclaimants, | |
| v. | |
| PRUDENTIAL REAL ESTATE AFFILIATES, INC., | |
| Counterdefendant. | |

## [~~PROPOSED~~] PROTECTIVE ORDER

It is hereby ordered by the Court that the following procedures shall govern the production of all documents, testimony, discovery responses, and other information in the above-captioned action (the "Action"), including information produced by parties currently named – plaintiff Prudential Insurance Company of

America, plaintiff/counterdefendant Prudential Real Estate Affiliates, Inc. (collectively, "Plaintiffs"), defendants Roger Herman, THG Florida, LLC, Miami Dade Realty II, Inc., and Hector Rodriguez, and defendants/counterclaimants The Herman Group, LLC, Hampden/Cheyenne LLC, Colorado Springs THG, LLC, Leetsdale/Iliff, LLC and Arapahoe/Wadsworth LLC (collectively, "Defendants") – or later joined in this Action and all third parties subject to discovery herein:

## PURPOSE AND SCOPE

1.  Disclosure and discovery in this Action are likely to involve the production of confidential, proprietary and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the Court enters this protective order (the "Protective Order") pursuant to Federal Rules of Civil Procedure ("FRCP"), rule 26(c) to protect against unauthorized disclosure of such information and to ensure that such information will be used only for purposes of this Action.  This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  This Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 for the United States District Court, Central District of California sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.  This Protective Order shall govern not only all Protected Material as defined below, but also all copies, excerpts, summaries, or compilations thereof, materials derived therefrom, and testimony, conversations, or presentations by Parties or Counsel to or in Court or in any other setting that might reveal Protected Material.

**DEFINITIONS**

3. The following terms, as used within this Protective Order are defined as follows:

    a. <u>Action</u>:  means and refers to the above-captioned lawsuit entitled *Prudential Insurance Company of America et al. v. Roger Herman et al.*, United States District Court, Central District of California Case No. SACV09-00432 JVS (ANx), the countersuit entitled *The Herman Group, LLC v. Prudential Real Estate Affiliates, Inc.,* all actions now or later consolidated with the Action, and any appeal from the Action, through final judgment;

    b. <u>Party or Parties</u>:  means and refers to any party to this Action, including, in the case of parties other than individuals, their officers, directors, employees, and agents;

    c. <u>Disclosure or Discovery Material</u>:  means and refers to all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things, writings and information, whether in hard copy form, in electronically readable form, verbal, or otherwise) that are produced or generated in disclosures or responses to discovery in this Action;

    d. <u>"Confidential" Information or Items</u>:  means and refers to all information (regardless of how generated, stored, or maintained) or tangible things that constitute or reveal any confidential, proprietary and/or private information and that qualify for protection under standards developed under the Federal Rules of Civil Procedure.

    e. <u>Receiving Party</u>:  means and refers to a Party that receives Disclosure or Discovery Material from a Producing Party;

    f. <u>Producing Party</u>: means and refers to a Party or non-party that produces Disclosure or Discovery Material in this Action;

g. <u>Designating Party</u>: means and refers to a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential;

h. <u>Protected Material</u>: means and refers to any Disclosure or Discovery Material that is designated as "Confidential";

i. <u>Outside Counsel</u>: means and refers to attorneys who are not employees of a Party but who are retained to represent or advise a Party, and shall include other persons employed by their law firms who are working on this Action;

j. <u>House Counsel</u>: means and refers to all attorneys who are employees of a Party, as well as paralegal assistants, secretaries, and clerical and administrative personnel who work with and/or assist such attorneys;

k. <u>Counsel</u> (without qualifier): means and refers to Outside Counsel and House Counsel (as well as their support staffs);

l. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action provided that (i) such person is not currently employed by or acting in the capacity of a consultant or independent contractor to the retaining Party in any capacity other than as an outside expert in connection with this Action; and (ii) during this Action and for one (1) year following termination of this Action, whether by settlement, dismissal, or entry of judgment therein, any outside expert or consultant who has received or reviewed Protected Material produced to the retaining Party or any information derived therefrom, shall not be engaged as an employee of the retaining Party or as a consultant or expert witness for that Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    m. <u>Professional Vendor(s)</u>: means and refers to persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## APPLICABILITY AND DURATION

4. The provisions of this Protective Order shall apply to (1) the Parties currently named or later joined in this Action; and (2) any other person or entity who produces Discovery Material in this Action, testifies in this Action, or agrees to be bound by the terms of this Protective Order. Any person from whom discovery is sought shall be entitled to designate materials and testimony produced in this Action as "Confidential" pursuant to the terms of this Protective Order. Furthermore, any Party or non-party, pursuant to this Protective Order, may, as hereinafter provided, designate as "Confidential," Disclosure or Discovery Material produced by any other Party or non-party that the Party or non-party in good faith believes to be confidential, proprietary and/or private information for which special protection from public disclosure is warranted. The confidentiality obligations imposed by this Protective Order shall survive termination of the Action and shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

5. The restrictions contained herein on the use or disclosure of Discovery Material designated "Confidential" and the information contained therein shall not apply to any information, document or tangible thing that:

    a. has been obtained lawfully by a Receiving Party, other than through discovery in this action, from a person who, to the best of such Receiving Party's knowledge, was not at the time such information, document or tangible thing was obtained by such Receiving Party, under a duty (contractual or otherwise) to maintain such information,

        document or tangible thing in confidence; or

    b. is public knowledge or becomes public knowledge after disclosure under this Protective Order (other than through an act or omission of a person receiving such information, document or tangible thing designated as "Confidential").

Nothing in this Protective Order shall be construed as a restriction on the use or disclosure of such information, document or tangible thing by the Party supplying the information, document or tangible thing.

## DESIGNATION OF PROTECTED MATERIAL

6. <u>Manner And Timing Of Designations</u>.  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Protective Order requires:

    a. <u>For documents</u> (apart from transcripts of depositions or other pretrial or trial proceedings):  The designation "Confidential" should be made in the lower right hand corner of the document, or such other area of the document as to avoid obscuring any original material.  For lengthy documents, the designation may be made on the first page to apply to the entire document.

    b. <u>For discovery responses</u>, the designation "Confidential" should be made on the caption page; the Protected Material should be segregated from the remainder of the discovery responses and served separately. If a Producing Party or non-party agrees to make original documents or materials available for inspection, that Producing Party or non-party need not designate those documents or materials for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the

1         designation, all of the material made available for inspection shall be
2         deemed "Confidential."
3   c. <u>Testimony</u> taken at a deposition, conference, hearing, or trial, as well
4         as exhibits used in connection with such testimony, may be designated
5         as "Confidential" by making a statement to that effect on the record at
6         the deposition or other proceeding.  Arrangements shall be made with
7         the court reporter taking and transcribing such proceeding to bind
8         separately such portions of the transcript containing information
9         designated as Protected Material and to label such portions with the
10         appropriate designation.  When it is impractical to identify separately
11         each portion of testimony that is entitled to protection, and when it
12         appears that substantial portions of the testimony may qualify for
13         protection, any Party and any non-party that sponsors, offers, or gives
14         the testimony may invoke on the record before the deposition or
15         proceeding is concluded a right to have up to thirty (30) days from the
16         date of receipt of a copy of the transcript to identify the specific
17         portions of the testimony as to which protection is sought.  Only those
18         portions of the testimony that are appropriately designated for
19         protection within the thirty (30) day period shall be covered by the
20         provisions of this Protective Order.  A deposition transcript containing
21         Protected Material shall not be filed with the Court unless submitted in
22         accordance with the procedures set forth in paragraph 17 below.
23   d. <u>For information produced in some other form, and for any other</u>
24         <u>tangible items</u>:  the Designating Party must affix in a prominent place
25         on the exterior of any container, canister, disk, CD, DVD, or other
26         media or receptacle in which Protected Material is kept or stored the
27         legend "Confidential."  If there is no place upon which to put such
28         legend, then the Designating Party must describe in writing and in

1       sufficient detail the Protected Material, indicate the Protected Material
2       is designated "Confidential," and provide this writing to all other
3       Parties before or at the time production is made or, in the case of a
4       production of Protected Material by a third party, within thirty (30)
5       days of that production.

6    7.   <u>Inadvertent Failures To Designate</u>.  An inadvertent failure to designate
7    Disclosure or Discovery Materials as Protected Material at the time of production
8    or the designation of such materials at a lower level of confidentiality than
9    warranted pursuant to this Protective Order may be remedied by supplemental
10   written notice given by the Producing Party.  Upon receipt of such notification, all
11   documents, materials, or testimony so designated or redesignated shall be fully
12   subject to this Protective Order as if it had been initially so designated; provided,
13   however, that the Receiving Party shall incur no liability for any previous treatment
14   of such information in conformance with its original designation.  The Party
15   receiving such notice shall make a reasonable, good faith effort to insure that any
16   analyses, memoranda, or notes which were internally generated based upon such
17   information shall immediately be treated in conformance with any such designation
18   or redesignation.

19   8.   <u>Inadvertent Production of Privileged Information</u>.  The inadvertent
20   production of any privileged document or other information during discovery in
21   this Action shall be without prejudice to any claim that such material is privileged
22   under the attorney-client or other privilege, or protected from discovery as work
23   product within the meaning of FRCP 26, and no Party or entity shall be held to
24   have waived any rights by such inadvertent production.  In the case of inadvertent
25   production, the Receiving Party, upon written request by the Producing Party, shall
26   (i) return the original and all copies of such documents within ten (10) days of
27   receiving the request, and (ii) shall not use such information for any purpose until
28   further order of the Court.  Any analyses, memoranda, or notes which were

8                                            [PROPOSED] PROTECTIVE ORDER
                                              SACV 09-432-JVS (ANx)

internally generated based upon such information shall be destroyed. Nothing herein will restrict the Party from whom the return of the documents is requested from filing a motion with the Court contesting the designation of the material as privileged or protected by the work-product doctrine or from referring to the fact that the material had been produced; provided, however, the Party filing the motion cannot refer to the content of the document or contend that any privilege has been waived.

## CHALLENGING CONFIDENTIALITY OBJECTIONS

9. <u>Timing Of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid a foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10. <u>Meet And Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by giving written notice to the Designating Party and to all other Parties in the Action. In its notice, the Challenging Party must explain the basis for its belief that the confidentiality designation is improper. Within 10-days of the date of the written challenge, the Designating Party must provide written notice to the Challenging Party that it will re-designate the Protected Material as requested in the written challenge or that it will not and explain the basis for its belief the confidentiality designation is proper. The exchange of notices described above will be deemed to fulfill and comply with the requirements of Civil Local Rule 37-1 for the United States District Court, Central District of California.

11. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the Designating Party's explanation for the basis of its belief that its confidentiality designation is proper may file and serve

a motion that identifies the challenged Protected Material and sets forth in detail the basis for the challenge.  Upon such motion, it will remain the burden of the Designating Party to prove that the document or information in issue is entitled to protection.  Each such motion must be accompanied by a competent declaration that affirms the movant has complied with the meet and confer requirements imposed in Section 10 and sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  As necessary, the motion must comply with the provisions of paragraph 17 below.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## ACCESS TO AND USE OF PROTECTED MATERIAL

12. Except with the prior consent of the Designating Party or upon prior order of a court of competent jurisdiction, Protected Material shall not be disclosed except in accordance with the terms of this Protective Order.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeals.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. When the Action has terminated, a Receiving Party must comply with the provisions of paragraph 20 below.

13. <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material or any other information or item designated as "Confidential" only to the following:

a. the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation, all of whom shall be deemed bound by the terms of this Protective Order;

b. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

c. Experts of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

d. the Court and its personnel;

e. Professional Vendors, including court reporters, copy services and their staffs, to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

f. during their depositions, witnesses in the Action to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

g. the author of the document or the original source of the information.

14. <u>Agreement To Be Bound By Protective Order</u>.

    a. Outside Counsel for each Party will be responsible for maintaining the originals of the "Acknowledgement and Agreement To Be Bound By Protective Order" until the conclusion of this Action, including any appeals. At such time, Outside Counsel for each Party shall serve a copy of each such acknowledgment upon Outside Counsel for each other Party. The Parties agree not to use these acknowledgments for any purpose other than monitoring and enforcing compliance with this Protective Order.

    b. Any person who receives Protected Material pursuant to paragraph 13 above shall not disclose such information to any person who is not entitled to receive such information under this Protective Order. In addition, any such person will only make such copies of or notes based upon the Protected Material as are essential to enable him or her to render the assistance required in connection with this litigation, will preserve such notes and copies in a separate file, and, upon his or her termination of work in connection with the Action, will return to the Outside Counsel who provided such Protected Materials to him or her all such notes, copies, and other materials containing or derived from the Protected Materials. Lastly, any such person will not use the Protected Material, or any information containing such or derived therefrom, for business or competitive purposes or for any purpose other than the prosecution or defense of this Action.

## DEPOSITION PROCEDURES

15. At any deposition session, when use of a document or the answer to a question is likely to result in the disclosure of Protected Material, Outside Counsel shall have the option, in lieu of taking other steps available under the FRCP, to request that all persons other than the reporter, Counsel, and individuals specified in

paragraph 13 above leave the deposition room during the "Confidential" portion of the deposition.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16. The disclosure of Protected Material, or information derived therefrom, could cause irreparable harm to the interests of the Designating Party. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

## FILING PROTECTED MATERIAL

17. A Party who files or intends to file with the Court, or who seeks to use at trial, Protected Material designated as "Confidential" by anyone other than itself shall either:

    a. Seek to have the Protected Materials placed under seal by submitting to the Court a motion to seal pursuant to C.D. Cal. Local Rule 79-5; or

    b. If the Party does not seek to have the record containing such Protected Material sealed, the submitting Party, at least ten (10) business days prior to the filing or use of the Protected Material, shall give notice to all other Parties, and to any non-party that designated the materials as Protected Material pursuant to this Protective Order, of the submitting Party's intention to file or use the Protected Material, including specific identification of the information labeled "Confidential." Any affected Party or non-party may then file a motion to seal, pursuant to C.D. Cal. Local Rule 79-5.

      c.    In the event of a motion to seal pursuant to C.D. Cal. Local Rule 79-5, the document subject to the motion shall be treated as lodged and sealed until such time the Court rules as to whether the document is entitled to sealing.  Once the Court has ruled on the motion to seal, the Protected Materials will be deemed filed as of the date of the initial lodging.  If the Court denies the motion to file under seal, the Protected Materials will be filed without seal.

## TRIAL PREPARATION AND TRIAL

18.    Outside Counsel for the Parties shall meet and confer prior to trial and attempt to develop guidelines regarding the use of "Confidential" information or tangible items during the trial and any post-trial proceedings, and the pretrial conference order in this Action shall set forth the treatment at trial of "Confidential" documents, information or tangible items.

19.    The parties will cooperate in providing copies of exhibits to any jury empanelled in this proceeding without the "Confidential" legends, and the Court will instruct the jury that the documents and information used at trial are not to be disseminated or discussed with anyone except in the context of the Action.  The Parties will cooperate in jointly obtaining an instruction from the Court to effectuate this provision.

## RETURN OF DISCOVERY MATERIAL

20.    All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this Action.  Upon final termination of the Action, Outside Counsel for each Receiving Party shall each be permitted to retain one copy of the pleadings, the transcripts of any hearings or trials, and the exhibits introduced or otherwise used in any such hearings or trials, and shall destroy or assemble and return to each Designating Party all other documents, materials, and deposition transcripts designated by the Designating Party as "Confidential" and all copies or

14

[PROPOSED] PROTECTIVE ORDER
SACV 09-432-JVS (ANx)

summaries thereof.  Within ninety (90) days following the final termination of the Action, the Receiving Party or its Outside Counsel shall submit a written certification to the Producing Party that all Protected Material was returned or destroyed and affirms that the neither the Receiving Party nor its Outside Counsel has retained any copies, abstracts, compilations or summaries, or reproduced or captured the Protected Material in any other form or manner.

## FURTHER MOTIONS NOT PRECLUDED

21. Entry of this Protective Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any Disclosure or Discovery Material or other information in the course of this Action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

## MISCELLANEOUS

22. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

23. The Court shall retain jurisdiction to enforce the terms of this Protective Order subsequent to entry of judgment or settlement of this Action.

Dated: October 19, 2009

                                  MARC L. GOLDMAN
                                  U.S.MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Prudential Insurance Company ofAmerica, et al. v. Roger Herman, et al.*, Case No. SACV 09-432-JVS (ANx) and in the countersuit entitled *The Herman Group, LLC v. Prudential Real Estate Affiliates, Inc.*  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Signature: _____

Printed name: _____

## PROOF OF SERVICE BY CM/ECF

I am a citizen of the United States and employed in Orange County, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is North, Nash & Abendroth LLP, 2 Park Plaza, Suite 1020, Irvine, California 92614.

I hereby certify that on October 7, 2009 I electronically filed the following document entitled **[PROPOSED] PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF System which will send a Notice of Electronic Filing to the following:

> William S. O'Hare, Esq.
> Gerda M. Roy, Esq.
> Elizabeth M. Weldon, Esq.
> SNELL & WILMER L.L.P.
> 600 Anton Boulevard, Suite 1400
> Costa Mesa. CA 92626

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on October 7, 2009, at Irvine, California.

/s/ Christine E. Cwiertny